UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES MOORE, JR., as Personal
Representative of THE ESTATE OF
TERRI ANN MOORE

    Plaintiff,

v.                                          Case No: 5:14-cv-670-Oc-30PRL

WALGREENS CO.

    Defendant.

**ORDER**

On October 24, 2014, Plaintiff initiated this action by filing a Complaint (Doc. 1) in state court, alleging that, in 2011, Plaintiff's wife, decedent Terri Ann Moore, slipped and fell in Defendant's Walgreens store due to a slippery substance on the floor. (Doc. 2, ¶ 5). Plaintiff further alleges that decedent sustained serious injuries resulting in physical and mental pain, including grief and depression, eventually leading to her suicide on October 6, 2013. (Doc. 2, ¶ 18). On December 5, 2014, Defendant removed the action to this Court. (Doc. 1). Following Plaintiff's repeated failure to appear for his own deposition, Defendant moved for sanctions. (Doc. 14).

On October 15, 2015, pursuant to prior notice, the undersigned conducted a hearing on Defendant's motion and heard argument from counsel for both parties, as well as from Plaintiff James Moore, Jr., who had been ordered to appear in person at the hearing. For the following reasons, Defendant's motion for sanctions is granted.

- 2 -

**I.     BACKGROUND**

After Plaintiff failed to attend his properly noticed deposition on two separate occasions, the Court compelled Plaintiff's deposition. (Doc. 13). The Court explicitly stated that "Plaintiff James Moore Jr. is ORDERED to appear for his properly noticed deposition within 45 days of the date of this Order. Plaintiff is cautioned that failure to comply with this Order could result in sanctions under Fed. R. Civ. P. 37(b)(2)(A), which may include dismissal of this action in whole or in part." (Doc. 13)

Despite the Court's warning, Plaintiff again failed to appear for his deposition when it was properly noticed for a third time. As a result, Defendant moved for sanctions, arguing that the case should be dismissed pursuant to 37(b)(2)(A). Meanwhile, Plaintiff's counsel moved to withdraw on the grounds that irreconcilable differences had arisen between him and his client, and that Plaintiff refused to communicate with him. (Doc. 15). Counsel's motion to withdraw (Doc. 15) was initially denied as procedurally deficient, but counsel later renewed the motion after satisfying the necessary requirements of the Local Rules. (Doc. 18). Accordingly, the undersigned set the case for hearing on October 15, 2015 to address the pending issues.

During the hearing, when asked to address the Court, Plaintiff began by stating that he had "no excuses" for failing to attend three properly noticed depositions. He went on, however, to say that he had experienced "truck problems," at the times of the first and third depositions. As to the second deposition, Plaintiff claimed that he was on the way to the deposition, but then learned from the court reporter that it had been cancelled. Mr. Roller, counsel for Plaintiff, explained that he repeatedly attempted to reach Plaintiff to confirm that he would be attending the second deposition. However, after not being able to reach Plaintiff (and in light of Plaintiff's failure to appear at the prior deposition), Mr. Roller notified Defendant accordingly and the

deposition was cancelled to avoid inconvenience and needless expense. Mr. Roller explained that he was never able to reach Plaintiff on that occasion, and could not confirm whether Plaintiff had communicated with the court reporter. Notably, Plaintiff did not dispute that his counsel made repeated attempts to contact him, and that he failed to respond.

### II. DISCUSSION

For the reasons explained below, Defendant's motion for sanctions is due to be granted. The undersigned finds it compelling that Plaintiff immediately conceded he had "no excuses" for failing to appear at his depositions. Although Plaintiff later vaguely suggested that "truck problems" somehow impeded his ability to attend the first and third depositions, I do not find Plaintiff credible in this regard. In making this determination, I have considered the totality of the circumstances, including Plaintiff's insincere demeanor at the hearing, and his failure to offer any details or explanation regarding how his "truck problems" impacted his ability to attend the depositions. Significantly, Plaintiff also offered no justification whatsoever for his failure to communicate with counsel regarding any challenges he faced attending his depositions. Someone acting in good faith would, at a minimum, communicate with his or her counsel regarding transportation issues or emergencies that would interfere with attendance at one's own deposition. That Plaintiff failed to do so, and even refused to communicate with his own counsel, at best indicates a flagrant disregard for his discovery obligations and the Court's explicit Order compelling his deposition. At worst, it indicates Plaintiff's bad faith.

The Court notes that Plaintiff has had an ample opportunity to respond to the sanctions motion. Although Plaintiff did not file a formal response to the sanctions motion, his counsel previously argued on his behalf (in his motion for an extension of time to respond to the sanctions motion, Doc. 17) that the Court should not impose the severe sanction of dismissal, and there is a

strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court, citing *Owen v. Benton*, 190 Fed. Appx. 762 (11th Cir. 2005). In addition, and importantly, Plaintiff was given an opportunity to personally address the Court during the hearing on October 15, 2015. Plaintiff did attend the hearing and directly responded to the Court's inquiry about his failure to attend his depositions and was given an opportunity to state why a sanction should not be imposed.

Pursuant to Rule 37(d), a court may sanction a party who, after being served with proper notice, fails to appear for his deposition. Fed.R.Civ.P. 37(d)(1)(A)(i). At the hearing, counsel for Defendant affirmed that the sanction primarily sought by Defendant is dismissal. In its motion, Defendant also requests attorney's fees and costs. (Doc. 14).

Indeed, dismissal is a sanction available under Rule 37 in these circumstances. *See, e.g., Clark v. Keen,* 346 Fed. Appx. 441, 442 (11th Cir. 2009) (affirming District Court's imposition of sanctions in the form of dismissal where plaintiffs willfully refused to comply with discovery). There is ample authority supporting dismissal of a case under Rule 37 where a plaintiff's refusal to participate in discovery has been willful. *See, e.g., Griffin v. Aluminum Co. of Am*., 564 F.2d 1171, 1172 (5th Cir.1977) (noting that the former Fifth Circuit "has approved dismissal as a sanction imposed under Rule 37(d), [where] plaintiff's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply").[1]  "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do." *Hashemi v. Campaigner Publ'ns, Inc*., 737 F.2d 1538, 1538-39 (11th Cir.1984) (upholding dismissal pursuant to Fed. R. Civ. P.

---

[1] *See Bonner v. City of Pritchard*, 661 F. 2d 1206 (11th Cir. 1981) (en banc) (adopting a binding precedent all Fifth Circuit cases decided prior to October 1, 1981).

37(d)). However, "the district court retains the discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders." *Id*. at 1539 (quotation omitted).

Here, the Court finds that Plaintiff's conduct amounted to flagrant disregard and willful disobedience of the discovery process and the Court's order. Plaintiff does not dispute that he failed to appear for his properly noticed deposition on at least two separate occasions. Indeed, on the last occasion, he flagrantly disregarded the Court's explicit Order (Doc. 13) cautioning him that failure to comply could result in sanctions under Fed. R. Civ. P. 37, "including dismissal of the action in whole or in part." Plaintiff willfully disobeyed this order, while continuing to refuse to communicate or cooperate with his own counsel.

At the hearing, Plaintiff immediately conceded that he had "no excuses" for disobeying the Court's Order and repeatedly failing to attend his own deposition. Plaintiff's suggestion that he had "truck problems" at the time of the first and third depositions is simply not credible. He offered nothing to substantiate his car troubles, a reasonable basis for failing to communicate with his attorney about his difficulty getting to his depositions, or any argument that his relationship with his attorney impeded his ability to attend. Indeed, his apparent inexplicable refusal to communicate with his own counsel regarding attendance at each of his scheduled depositions indicates his flagrant disregard and willful disobedience, and possibility bad faith. At no time did Plaintiff claim there was merely an oversight, that he was confused, or that he sincerely misunderstood his counsel's instructions, the discovery process, or the Court's Order. In other words, this case lacks the factors that have been recognized as making dismissal inappropriate. *See Marshall v. Segona,* 621 F.2d 763, 766-68 (5th Cir. 1980) (contrasting cases where dismissal for failure to participate in discovery was appropriate with cases where dismissal was too harsh a

sanction due to factors such as neglect attributable to counsel, simple negligence, confusion, or sincere misunderstanding).

Further, the Court is left with the impression that Plaintiff has no serious plans to continue to prosecute this case. His counsel first moved to withdraw on September 3, 2015, and was granted permission to withdraw at the hearing on October 15, 2015. Although Plaintiff stated he would like to find a new attorney, he has made no attempt to do so, and stated he had no idea how long he would need to find a new attorney.

In these circumstances, Defendant is entitled, at a <u>minimum</u>, to sanctions in the form of attorney's fees and costs. If this lesser sanction proves insufficient, the undersigned will recommend dismissal of this action with prejudice for the reasons stated above.

### III. CONCLUSION

Accordingly, upon due consideration, Defendant's Motion for Sanctions (Doc. 14) is **GRANTED** in the form of attorney's fees and costs.

Within 10 days of the entry date of this Order, **Defendant** is directed to submit a complete assessment of all fees and costs associated with the first and third depositions, as well as the costs and fees associated with preparation of Defendant's motion to compel, Defendant's motion for sanctions, and counsel's attendance at the hearing on October 15, 2015.

Thereafter, **Plaintiff** shall have 14 days within which to file a response to Defendant's assessment and to show cause why monetary sanctions should not be imposed against Plaintiff in the amounts incurred by Defendant.

Meanwhile, **Plaintiff** is advised that, if he chooses to retain counsel, counsel must file a notice of appearance on or before **November 6, 2015**, failing which it will be deemed that Plaintiff intends to continue proceeding *pro se*.

- 7 -

Finally, **Plaintiff** is strongly cautioned that failure to comply with any aspect of this Order or any future Order of the Court will result in a recommendation that the case be dismissed immediately, and without further notice.  Plaintiff is further advised that once the issue of this sanction is resolved, Plaintiff will be directed to appear for his deposition.

**DONE** and **ENTERED** in Ocala, Florida on October 21, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties